IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
AT MEMPHIS

MARIO AL MORENO EL-BEY,

        Plaintiff,

v.                              Case 2:13-cv-02097-JDT-cgc

K.T.G., USA LP; ANN FLECK;
ANTHONY DIX; and, RAM
MANTHE,

        Defendants.

REPORT AND RECOMMENDATION ON IN FORMA PAUPERIS SCREENING
PURSUANT TO 28 U.S.C. SECTION 1915 AND ON CERTIFICATION OF
APPEALABILITY PURSUANT TO RULE 24 OF THE FEDERAL RULES OF APPELLATE
PROCEDURE

      Before the Court is Plaintiff Mario Al Moreno El-Bey's pro se Complaint (Docket Entry "D.E." #1). As Plaintiff is proceeding in forma pauperis (D.E. #5), Plaintiff's Complaint must be screened pursuant to 28 U.S.C. Section 1915 ("Section 1915"). The Section 1915 Screening has been referred to the United States Magistrate Judge for Report and Recommendation. (D.E. #7). For the reasons set forth herein, it is recommended that Plaintiff's Complaint be dismissed pursuant to Section 1915 for failure to state a claim upon which relief may be granted and that any appeal in this matter by Plaintiff is not taken in good faith pursuant to Rule 24 of the Federal Rules of Appellate Procedure.

I.  **Background**

On February 15, 2013, Plaintiff filed a pro se Complaint in this Court. Plaintiff states that his action requests declaratory relief and damages "to secure due process of law, equal protection and other rights, privileges and immunities guaranteed to complainant by the Constitution / Treaty and laws of these United States Republic." (Compl. at 1). Plaintiff alleges that he seeks relief based upon "The Treaty of Peace and Friendship of 1836 A.D." between Morocco and the United States. (*Id*. at 1-2). Plaintiff purports to invoke the jurisdiction of "The Zodiac Constitution," the Library of Congress, and the treaties and laws of the "United States Republic.," as well as a list of other treaties, constitutions, declarations, and laws. (*Id*. at 1). Plaintiff further sets forth the specific relief he requests be enforced by the Court. (*Id*. at 3-4).

As a factual basis for his Complaint, Plaintiff alleges that "Respondent" hired him on November 5, 2012. (*Id*. at 2) Plaintiff alleges that, on November 26, 2012, he mailed "several Lawful Affidavits precisely describing Claimant's Indigenous Status" to Respondent via certified mail. (*Id*.) It appears to the Court that Plaintiff believed these documents could be submitted in place of certain Internal Revenue Service documents, including the W-4 and W-4T, for tax purposes. (*Id*.)

On November 29, 2012, Plaintiff alleges that "Respondent" informed Plaintiff that his "Affidavits could not be honored" and provided him with "corporate Attorney decisions." (*Id*.) Plaintiff alleges that, on January 8, 2013, he hand-delivered an "Affidavit of Fact to Respondent on a separate incident involving

Harassment and Gender Profiling," which referenced certain co-workers harassing Plaintiff. (*Id.*) Plaintiff alleges that these allegations were never resolved. (*Id.*)

Plaintiff alleges that, on January 25, 2013, "Respondent" terminated him for "not working a sixteen hour shift on equipment Claimant was never trained on, nor signed off on to prove competence to operate said equipment." (*Id.*) Plaintiff further alleges that no Union Representative was present as a witness at his termination. (*Id.*) Plaintiff alleges that, on January 26, 2013, he mailed a document to "Respondent's Corporate Attorney," which he describes as "A Writ of Discovery & Disclosure pertaining to the decision that was made on Claimant." (*Id.*) Plaintiff alleges that a "Default Judgment and another Affidavit of Fact" was mailed to Respondent on February 2, 2013 "for not replying to Claimant's precise demands indicated in the Writ of Discovery & Disclosure." (*Id.*) Plaintiff claims that a "Default Judgment & Intent to Sue letter was mailed to Respondent" on February 12, 2013. (*Id.*)

Although Plaintiff does not make any factual allegations specifically against Defendants Ann Fleck, Ram Manthe, or Anthony Dix, he further summarily alleges that they have "knowingly committed fraud as they have been administering in a capacity which they have violated National and International Law." (*Id.* at 3)[1]

## II. Analysis

### a. Section 1915

Pursuant to Section 1915, in proceedings in forma pauperis, notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss the

---

[1] Plaintiff has also filed nine exhibits with his pro se Complaint, which the Court has reviewed in consideration of his Section 1915 Screening.

case at any time if the court determines that the allegation of poverty is untrue or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

To state a claim upon which relief may be granted, a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Such a statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

Upon review, the Court is unable to discern any claim upon which relief may be granted from Plaintiff's Complaint.  With respect to his conclusory allegations that his "several Lawful Affidavits precisely describing Claimant's Indigenous Status" should have been substituted for Internal Revenue Service forms for tax purposes, Plaintiff has failed to cite any legal basis for this assertion or any private cause of action for the employer's failure to accept such documents as Plaintiff submitted.

With respect to Plaintiff's claims that he was harassed by co-workers and that his job was terminated, Plaintiff provides no further factual allegations regarding these claims, nor does he provide a legal basis for them.  While various laws exist governing workplace harassment and discrimination, such as Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e ("Title VII"), Plaintiff has failed to rely upon any such law in his Complaint, and the Court does not have an obligation to act as counsel for a pro se plaintiff or create his claims for him. Further, with respect to any allegations Plaintiff may have attempted to bring under Title VII, he has only summarily alleged that the treatment was based upon his "race, color, religion, sex, or national origin" as required by 42 U.S.C. Section 2000e-2 by stating that the harassment involved "gender profiling."  More importantly, he has failed to allege that he has exhausted his remedies before bringing suit in this Court as required by 42 U.S.C. Section 2000e-5.

With respect to Plaintiff's claim that Defendants Ann Fleck, Ram Manthe, and Anthony Dix committed fraud, Plaintiff's Complaint has absolutely no factual allegations supporting these claims.  Thus, Plaintiff's Complaint fails to provide the required short and plain statement of the claim showing that the pleader is entitled

to relief, as required by Rule 8(a) of the Federal Rules of Civil Procedure. Plaintiff's claim of fraud is is particularly lacking given that Rule 9(b) of the Federal Rules of Civil Procedure requires claims of fraud to be plead with particularity.

In conclusion, the Court is unable to discern any cognizable claims in Plaintiff's Complaint. Accordingly, it is recommended that Plaintiff's Complaint be dismissed for failure to state a claim upon which relief may be granted pursuant to Section 1915.

### b. Certification of Appealability

Upon the recommendation that Plaintiff's Complaint be dismissed pursuant to Section 1915, the Court must further consider whether it should be recommended that Plaintiff be allowed to appeal this decision in forma pauperis, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal in forma pauperis must obtain pauper status under Rule 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that, if a party has been permitted to proceed in forma pauperis in the district court, he may also proceed on appeal in forma pauperis without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies the pauper status, the party may file a motion to proceed in forma pauperis in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id.* It would be inconsistent for the district court does not warrant service on

the defendants, yet has sufficient merit to support an appeal in forma pauperis. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).

The same considerations that lead to the recommendation that the District Court dismiss the complaint in this case for failure to state a claim upon which relief may be granted also compel the recommendation that an appeal would not be taken in good faith. Accordingly, it is recommended that the District Court certify pursuant to Rule 24(a) of the Federal Rules of Civil Procedure that any appeal in this matter by Plaintiff is not taken in good faith and that leave to proceed in forma pauperis on appeal be DENIED. It is further recommended that, if Plaintiff files a notice of appeal, he must pay the $455 appellate filing fee in full or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

### III. Conclusion

For the reasons set forth herein, it is recommended that Plaintiff's Complaint be dismissed pursuant to Section 1915 for failure to state a claim upon which relief may be granted.

DATED this 30th day of October, 2013.

          s/ Charmiane G. Claxton
          CHARMIANE G. CLAXTON
          UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**